971 A.2d 1086

IN THE MATTER OF RICHARD M. ROBERTS,
AN ATTORNEY AT LAW.

June 19, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–362 and DRB 08–363, concluding that **RICHARD M. ROBERTS** of **WEST CALDWELL,** who was admitted to the bar of this State in 1971, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about status of the matter), *RPC* 1.5(b) (failure to set forth basis or rate of fee in writing), *RPC* 1.9(a) (representing client whose interests are materially adverse to the interests of a former client), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that respondent should be required to submit proof of his fitness to practice law and complete certain professional courses, and that after reinstatement to practice, he should practice law under supervision;

And the Court having determined from its review of the matter that a censure is the appropriate quantum of discipline for respondent's unethical conduct and that conditions should be placed on respondent's practice of law;

And good cause appearing;

It is ORDERED that **RICHARD M. ROBERTS** is hereby censured; and it is further

ORDERED that **RICHARD M. ROBERTS** shall enroll in and complete a course in law office management or its equivalent

approved by the Office of Attorney Ethics on a schedule to be determined by the Office of Attorney Ethics; and it is further

ORDERED that within sixty days after the filing date of this Order, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.